**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

PAUL A. WILLIAMS, SR.,

Plaintiff,

vs.

BANK OF AMERICA, N.A.,

Defendant.

________________________________________/

## COMPLAINT

**COMES NOW,** the Plaintiff, PAUL A. WILLIAMS, SR., by and through undersigned counsel, and brings this action against the Defendant, BANK OF AMERICA, N.A. ("BANA"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, BANA was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, and has a principal address of 100 N. Tryon St., Suite 170, Charlotte, NC 28202.

8. At some point in time prior to the violations alleged herein, BANA was hired to service the subject loan.

9. At all times relevant to this Complaint, BANA, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10. At all times relevant to this Complaint, BANA, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times relevant to this Complaint, BANA regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, BANA was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. Upon information and belief, the primary function of BANA's, servicing business is to collect payment on mortgage accounts.

14. Upon information and belief, BANA began servicing the subject loan after it was allegedly already in default.

15. Upon information and belief, BANA was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

16. The debt that BANA sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

17. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

18. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

**BACKGROUND AND GENERAL ALLEGATIONS**

19. On June 13, 2013, Countrywide Home Loans Servicing, L.P. ("Countrywide") received a final judgment of foreclosure by consent (the "Final Judgment") in a foreclosure action, then pending in Broward County, Florida, bearing case no. CACE09019898 (the "Foreclosure").

20. A true and correct copy of same is attached hereto as Exhibit "A".

21. BANA currently services the mortgage on behalf of Countrywide.

22. The Final Judgment states that the grand total due to Countrywide was $292,909.87.

23. The Final Judgment states, "**Interest.** The grand total amount referenced in Paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest." *See Exhibit "A"*.

24. The prevailing interest rate is set forth pursuant to Florida Statutes 55.03 and was as of the time of the judgment, 4.75%

25. The date of the Final Judgment was June 13, 2013; thus, from that date forward, Plaintiff owed $292,909.87 plus interest at an annual rate of 4.75%.

26. In direct contravention of the prevailing legal rate of interest in the state of Florida and the Final Judgment, BANA has been charging an annual interest rate of 6.500% to Plaintiff's mortgage. This interest rate is reflected in the September of 2015 mortgage statement, nearly two years entry of the Final Judgment.

27. A true and correct copy of the September of 2015 mortgage statement is attached hereto as Exhibit "B".

28. As a result, BANA has caused an unlawful amount of interest to accrue to Plaintiff's mortgage.

**<u>COUNT I-VIOLATION OF FDCPA: 15 USC 1692e</u>**

29. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

30. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

<u>15 U.S.C. § 1692e</u>

31. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage is a false representation of the character and amount of a debt.

32. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage, is a false representation of the amount owed by Plaintiff.

33. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage is a deceptive means to collect an unlawful amount of interest.

34. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

35. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

36. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

37. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692f

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

39. 15 U.S.C. §1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

40. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage is not permitted by law as it exceeds the prevailing legal interest rate set forth in the Final Judgment and by Fla. Stat. 55.03.

41. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

42. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

43. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

44. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

45. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 28.

46. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

47. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage is a claim or attempt to enforce a debt when BANA knows is not legitimate. BANA is aware of the Final Judgment, as BANA is the current servicer for the mortgage.

48. The charging of an annual interest rate of 6.500% since June 13, 2013, to Plaintiff's mortgage is the assertion of a legal right that BANA knows does not exist. BANA has no legal right to impose an interest rate of 6.500% to the mortgage.

49. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

50. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

51. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

52. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, PAUL A. WILLIAMS, SR., respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(b) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, PAUL A. WILLIAMS, SR., hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Seth Wieder

Seth Wieder, Esq.
Florida Bar No.: 91704
E-mail: seth@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786